UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN MCCRAY,<br><br>          Plaintiff,<br><br>     v.<br><br>MARRIOTT HOTEL SERVICES, INC., et al.,<br><br>          Defendants. | Case No. 16-cv-02092 NC<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 10 |

McCray sues his employer, Marriott Hotel, for paying wages lower than the San Jose City minimum wage ordinance. Marriott argues that the collective bargaining agreement which covers McCray's employment expressly waives the San Jose ordinance, in exchange for providing hourly employees with additional benefits not guaranteed by law. McCray moves to remand the case to state court because the complaint is based only on state law causes of action. Defendants move to dismiss and oppose the motion to remand because cases requiring the interpretation of a collective bargaining agreement are exclusively within the realm of federal jurisdiction.

Because the Court finds that the San Jose City ordinance provides a waiver of the minimum wage and the CBA expressly waives the minimum wage, the Court concludes that federal jurisdiction is proper and DENIES the motion to remand.

Case No. 16-cv-02092 NC

## I. BACKGROUND

On February 5, 2016, plaintiff Ian McCray sued defendants Marriott Hotel Services, Inc. (a Delaware corporation) and SJMEC, Inc. (a California corporation), in state court, alleging that defendants pay plaintiff and other employees less than minimum wage as required by the city of San Jose. Dkt. No. 1, Exh A. The complaint contains only state law causes of action.

On April 20, 2016, defendants removed the case to federal court. Dkt. No. 1. In their removal notice, defendants argue that McCray's complaint is preempted by the collective bargaining agreement ("CBA") that governs McCray's employment. *Id.* at 3. Defendants note that when the interpretation of a collective bargaining agreement is at issue in a case, then federal subject matter jurisdiction is proper. *Id.*

On April 27, 2016, defendants filed a motion to dismiss the complaint, arguing that McCray's dispute was governed by the CBA, and as such, McCray had to follow the procedural requirements for dispute resolution there first. Dkt. No. 8. Specifically, McCray should have filed an appropriate grievance, and regardless, the CBA requires parties to attend arbitration. *Id.* On May 4, McCray moved to remand the case to state court, arguing that federal jurisdiction over the complaint is not proper because McCray did not plead any federal causes of action. Dkt. No. 10. The Court held a hearing on the motions on June 1, 2016, and took the motions under submission.

The Court first considers the motion to remand. All parties have consented to the jurisdiction of a magistrate judge. Dkt. Nos. 12, 14.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). A federal district court must remand a removed case to state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28

1  U.S.C. § 1447(c). In deciding whether removal was proper, courts strictly construe the
2  removal statute against finding jurisdiction, and the party invoking federal jurisdiction
3  bears the burden of establishing that removal was appropriate. *Provincial Gov't of*
4  *Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted).
5  Where doubt exists regarding the right to remove an action, it should be resolved in favor
6  of remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090
7  (9th Cir. 2003).

**III.  DISCUSSION**

Here, McCray's complaint contains only state law causes of action and no allegation that the parties are diverse. However, Marriott's defense to the complaint is that the CBA governs and contains an express waiver of the relevant state law.

In the absence of diversity jurisdiction, removal to federal court is only proper when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

However, under Section 301 of the LMRA, disputes regarding collective bargaining agreements are exclusively governed by federal jurisdiction. Section 301 provides, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a).

In *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985), the Supreme Court interpreted Section 301 to provide jurisdiction not only over causes of action based on a CBA, but also to cases whose resolution "is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." This carve-out provided for the possibility that federal jurisdiction could exist based only on a defense to the case, not a cause of action in the complaint. *Id.*

Case No. 16-cv-02092 NC                3

In *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001), the Ninth Circuit clarified that a state law claim is not preempted by the CBA unless "adjudication of the claim must require interpretation of a provision of the CBA." Further, "[i]f the plaintiff's claim cannot be resolved without interpreting the applicable CBA—as for example, in *Allis-Chalmers*, where the suit involved an employer's alleged failure to comport with its contractually established duties—it is preempted." *Id.*

The Ninth Circuit further elaborated in *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007) that the Court should engage in a two-part inquiry and consider: (1) whether the plaintiff's right inheres in state law or is grounded in a CBA, and (2) whether the state law right is "substantially dependent on the terms of the CBA." Here, the parties do not dispute that the city minimum wage ordinance is a right that is grounded in state law, and not the CBA. In this instance, the CBA does not affirmatively grant plaintiff a right or protection of a minimum wage. Instead, the question is whether the CBA provides a waiver of the state law minimum wage.

In cases such as this, "presenting the question of whether the plaintiff's union bargained away the state law right at issue, a court may look to the CBA to determine whether it contains a clear and unmistakable waiver of state law rights without triggering section 301 preemption." *Id.*

The facts of *Burnside* are similar to the facts in this case. There, plaintiffs installed duct and fiber optic lines on defendant's projects. Plaintiffs sued their employer for failing to compensate them overtime pay for the time they travelled from a daily meeting site to their job sites. *Id.* at 1056. Plaintiffs were required to meet daily at a meeting site to be instructed on the day's tasks and retrieve equipment for use on the projects, and then were transported together to the job sites. *Id.* Plaintiffs argued that they were required to be compensated overtime for the approximately two-and-a-half hours this process added to their work days under state law. *Id.* The CBAs between the parties discussed transportation and parking at the job sites, but did not contain a provision expressly waiving plaintiffs' rights to compensation for the time at the meeting site and in

Case No. 16-cv-02092 NC            4

1  transportation to the job site. *Id.* at 1057.  Plaintiffs' complaint contained only state law
2  causes of action, but defendant removed the case to federal court, arguing that CBAs
3  preempted the state law claims. *Id.* at 1058.
4       At the first stage of inquiry, the Court concluded that "the right to be compensated
5  for employer-mandated travel time is a right conferred by state law, independent of the
6  CBAs." *Id.*  At the second stage of inquiry, the Court analyzed the provisions of the
7  CBAs.  The Court first noted that the relevant wage ordinance contained an opt-out
8  provision. *Id.* at 1071.  Thus, the inquiry into the CBA was limited to whether the CBA
9  contained an express waiver, sufficient to fulfill the opt-out requirement of the ordinance.
10 *Id.*  The Court found that "none of the CBAs require an 'interpretation' of their provisions
11 to determine whether [defendant] owed its employees compensation for compulsory travel
12 time.  Examining any one of them would only confirm that none contain an express
13 waiver" as required by the ordinance. *Id.*  Because the Court was not required to
14 "interpret" the CBA, the Court concluded that no federal jurisdiction existed over the case.
15      McCray's case is distinguishable.  Here, the San Jose minimum wage ordinance
16 provides, "Employers shall pay Employees no less than the Minimum Wage set forth in
17 this Section for each hour worked within the geographic boundaries of the City."  San Jose
18 Mun. Code § 4.100.040.  However, the ordinance has an opt-out provision: "To the extent
19 required by federal law, all or any portion of the applicable requirements of this Chapter
20 may be waived in a bona fide collective bargaining agreement, provided that such waiver
21 is explicitly set forth in such agreement in clear and unambiguous terms."  San Jose Mun.
22 Code § 4.100.050.  Like in *Burnside*, the ordinance at issue provides for an express waiver
23 under a CBA.
24      Here, the CBA between McCray's Union and Marriott states, in relevant part:

> The Employer and the Union, through collective bargaining, have agreed to explicitly waive as part of the parties collective bargaining agreement, all provisions and requirements of the City of San Jose Minimum Wage Ordinance, Chapter 4.100-4.100.120 ("Ordinance"), as provided for in Section 4.100.050, should the Ordinance become law as well as any other state,

Case No. 16-cv-02092 NC     5

>county, or federal minimum wage increases that contain similar waiver provisions. This is intended to be a clear and unequivocal waiver in their entirety of the Ordinance and any other state, county or federal minimum wage increases that contain waiver provisions.

Dkt. No. 8, Exh. A at Appdx. B.[1]

Unlike in *Burnside*, this CBA provision directly addresses the concerns identified in McCray's complaint. The CBA provision here explicitly addresses a minimum wage, and it contains an express waiver of the San Jose minimum wage ordinance. The provision reiterates that it is an explicit waiver and that the parties intend it to be a "clear and unequivocal waiver." The provision continues that if the minimum wage waiver is found unenforceable, then the entire CBA can be renegotiated.

Thus, the Court concludes that the facts here are distinctly different from those in *Burnside*. The central question in this case is whether the CBA provision in fact has the legal force of waiving the San Jose minimum wage ordinance. The Court finds that such an inquiry is within the realm of federal preemption and thus federal jurisdiction.

## IV.  CONCLUSION

The Court finds that this dispute is substantially dependent on interpretation of the CBA, so federal jurisdiction exists. The motion to remand is DENIED.

The Court will address the motion to dismiss in a separate order.

**IT IS SO ORDERED.**

Dated:  June 20, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

---

[1] Although the CBA was not attached to the complaint, the Court finds it proper to consider the CBA because it is incorporated by reference in the complaint. Fed. R. Civ. P. 12(d). No party disputes the authenticity of the CBA attached to defendants' motion to dismiss at Exhibit A.

Case No. 16-cv-02092 NC           6