1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10   IAN MCCRAY,                              Case No. 16-cv-02092 NC

11              Plaintiff,
                                              **ORDER GRANTING DEFENDANTS'**
12        v.                                  **MOTION FOR SUMMARY**
                                              **JUDGMENT**
13   MARRIOTT HOTEL SERVICES, INC.,
     et al.,                                  Re: Dkt. No. 38
14
                Defendants.
15

16        In this employment case, plaintiff Ian McCray asserts that his former employer,

17   defendant Marriott Hotel Services, failed to pay the San Jose minimum wage in

18   compliance with a municipal wage ordinance.  A collective bargaining agreement governs

19   McCray's employment, and the CBA provides for a waiver of the San Jose minimum wage

20   ordinance.  In addition, the San Jose ordinance appears to provide a waiver for CBAs.  In

21   order to determine if Marriott's admittedly low hourly rate was lawful, the Court must first

22   assess which law to apply to this dispute.  Defendants Marriott Hotel Services and SJMEC

23   Inc. argue that CBAs are governed by federal law, so federal preemption applies, and the

24   Court should begin its analysis with the provisions of the Labor Management Relations

25   Act (LMRA).  McCray argues that his complaint is based on violations of municipal law,

26   so the Court must begin its inquiry by interpreting the San Jose minimum wage ordinance.

27        The Court considered these questions on a motion to remand and determined that

28   for purposes of federal jurisdiction, McCray's complaint raised substantial issues of federal

     Case No. 16-cv-02092 NC

1    law.  Dkt.  No. 22.  The Court then denied defendants' motion to dismiss, stating that it

2    was premature to determine whether McCray failed to follow the CBA's grievance and

3    arbitration mechanisms.  Dkt. No. 23.  Defendants now move for summary judgment on all

4    claims, arguing that (1) the LMRA preempts the municipal claims; (2) McCray failed to

5    exhaust the grievance procedure; (3) McCray's claims are time-barred; and (4) McCray's

6    claims fail as a matter of law because the San Jose ordinance expressly permits

7    collectively-bargained waivers of the ordinance.  Dkt. No. 38.

8         The parties do not dispute that McCray was subject to the CBA, that Marriott did

9    not pay him minimum wage but did offer him other benefits, and that McCray did not

10   bring a formal grievance or seek arbitration with defendants prior to filing this lawsuit.

11   Dkt. Nos. 38, 42.

12        The Court concludes that the LMRA preempts the municipal claims, and thus

13   McCray's failure to exhaust administrative remedies under the CBA is fatal to his claims.

14   The Court GRANTS defendants' motion for summary judgment.

15   **I.    LEGAL STANDARD**

16        Summary judgment may be granted only when, drawing all inferences and

17   resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any

18   material fact.  Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014);

19   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material when, under

20   governing substantive law, it could affect the outcome of the case.  *Anderson v. Liberty*

21   *Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine if "the

22   evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

23   Bald assertions that genuine issues of material fact exist are insufficient.  *Galen v. Cnty. of*

24   *L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

25        The moving party bears the burden of identifying those portions of the pleadings,

26   discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.

27   *Celotex*, 477 U.S. at 323.  Once the moving party meets its initial burden, the nonmoving

28   party must go beyond the pleadings, and, by its own affidavits or discovery, set forth

United States District Court
Northern District of California

specific facts showing that a genuine issue of fact exists for trial.  Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)).  All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party.  *Tolan*, 134 S. Ct. at 1863 (citing *Liberty Lobby*, 477 U.S. at 255).

## II.   DISCUSSION

The Court first addresses whether federal or municipal law governs the analysis of McCray's complaint.

### A.   Preemption of State Law Claims under LMRA

Under Section 301 of the LMRA, disputes regarding collective bargaining agreements are exclusively governed by federal jurisdiction.  Section 301 provides, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties."  29 U.S.C. § 185(a).

In *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985), the Supreme Court interpreted Section 301 to provide jurisdiction not only over causes of action based on a CBA, but also to cases whose resolution "is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract."  When state law claims require a court to interpret the terms of a CBA, a court must treat those claims as preempted by the exclusive federal jurisdiction provided by the LMRA.  *Id.* at 211.

"The pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 23 (1983) (quoting 29 U.S.C. § 185(a)).  That a plaintiff has not framed his or her state-law claim so that it explicitly refers to a CBA will not defeat federal preemption. *International Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 859 n.3 (1987).  If a plaintiff's claims are founded on rights created by a CBA or are "substantially dependent"

1    on analysis of a CBA" and can only be resolved by looking to the terms of the CBA, they

2    are preempted. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987).

3         The Court already concluded that the central question in this case is whether the

4    CBA waiver of state and municipal law is applicable, so federal jurisdiction is appropriate.

5    Dkt. No. 22; *see Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007)

6    (finding that federal jurisdiction and preemption are appropriate when the Court is required

7    to interpret the CBA to resolve whether the CBA or state law applies).  Because the Court

8    concluded that federal jurisdiction is appropriate, the Court also now finds that the LMRA

9    preempts McCray's state law causes of actions.

10        In doing so, the Court acknowledges that the LMRA requires the Court to start its

11   analysis by looking at applicable federal law and the provisions in the CBA.  McCray

12   brings claims for (1) failure to pay minimum wages in violation of San Jose's minimum

13   wage ordinance; (2) failure to timely pay wages in violation of state law; (3) knowing and

14   intentional failure to comply with itemized employee wage statements in violation of state

15   law; and (4) unlawful and unfair business practices.  "A claim is not preempted if it poses

16   no significant threat to the collective bargaining process and furthers a state interest in

17   protecting the public transcending the employment relationship." *Young v. Anthony's Fish

18   Grottos, Inc.*, 830 F.2d 993, 1001 (9th Cir. 1987).  However, in *Young*, the Ninth Circuit

19   dismissed plaintiff's emotional distress claim because "[t]he claims arise out of the same

20   conduct which formed the basis of her contract claim.  As resolution of the claims is

21   inextricably intertwined with the interpretation of the CBA, they are preempted." *Id.* at

22   1002.  Similarly, here, all of McCray's claims are related to the amount and process of

23   work pay, which is covered by the CBA.  Thus, the Court must construe McCray's claims

24   as breaches of the CBA.  *See Coleman v. Kaiser Permanente*, No. 12-cv-02668 JST, 2014

25   WL 2886293, at *4 (N.D. Cal. June 25, 2014).

26   ///

27

28

United States District Court
Northern District of California

**B.    Failure to Exhaust Grievance Procedure**

Because the Court concludes that it is the CBA and federal law that apply to the causes of action in this case, the Court agrees with defendants that McCray must first attempt to exhaust any mandatory or exclusive grievance procedures in the agreement. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 986-87 (9th Cir. 2007).

However, an exception to this exhaustion requirement exists where an employee shows that "the union representing the employee in the grievance/arbitration procedure [has acted] in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164 (1983). In this situation, an employee may bring a suit against his or her employer without having exhausted the grievance or arbitration procedure required by the CBA. *Id.* However, even in an action brought solely against an employer, the employee bears the burden of proving that the employer breached the terms of the CBA and that the labor union breached its duty of fair representation. *Soremekun*, 509 F.3d at 987. Where an employee is required to show a union's breach of its duty of fair representation, even in an action brought solely against an employer, the claim is not a straightforward breach of contract suit under § 301, but rather "a hybrid § 301/fair representation claim amounting to a direct challenge to the private settlement of disputes under [the CBA]." *DelCostello,* 462 U.S. at 165; *accord Coleman*, No. 12-cv-02668 JST, 2014 WL 2886293, at *5.

McCray argues that the union refused to file a grievance on his behalf, and that even now, the Union has written as an amicus in support of defendants' position. Dkt. No. 42 at 24. However, McCray has not alleged that the union breached its duty of fair representation and there is no dispute of fact that McCray did not exhaust his contractual remedies under the CBA. Thus, the Court must grant defendants' motion for summary judgment. *Id.*; *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 1002 (9th Cir. 1987). ///

United States District Court
Northern District of California

## III.  CONCLUSION

The Court concludes that McCray's complaint and its causes of action are preempted under federal law by the LMRA and the provisions of the CBA.  Because McCray failed to exhaust his administrative remedies before filing this lawsuit, McCray's case must be dismissed.

The Court GRANTS defendants' motion for summary judgment.

**IT IS SO ORDERED.**

Dated:  March 22, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge